**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10598 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00772-SC-1 |
| v. | |
| GREGORY WALKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Submitted December 3, 2012[**]
San Francisco, California

Before: TROTT, RAWLINSON, and CUDAHY,[***] Circuit Judges.

Appellant Gregory Walker (Walker) appeals his conviction and sentence.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

1.     The district court properly admitted the identification of Walker by Officer Griffin and Sergeant Do under Federal Rules of Evidence 403 and 701. Both witnesses had sufficient prior contacts with Walker to render their identifications helpful to the jury, and the evidence was more probative than prejudicial. *See United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (Rule 701); *see also United States v. Henderson*, 241 F.3d 638, 651 (9th Cir. 2001), *as amended* (Rule 403).

2.     There was no Confrontation Clause violation in this case because the identification testimony was not testimonial, and Walker had a full opportunity to cross-examine both witnesses. *See Fenenbock v. Dir. of Corr.*, 692 F.3d 910, 919 (9th Cir. 2012), *as amended* ("[A] court violates the Confrontation Clause *only* when it prevents a defendant from examining a particular and relevant topic, such as bias . . .") (emphasis added).

3.     By applying the cross-referenced attempted murder guideline, the district court found that Walker acted with the specific intent to kill. Although the district court could have said more regarding its finding, a court's resolution of disputed facts "need not be detailed and lengthy" to comply with Federal Rule of

Criminal Procedure 32. *United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007), *as amended*.

**4.**    The sentence imposed by the district court was both procedurally and substantively reasonable. The district court properly applied the cross-referenced attempted murder guideline and correctly calculated the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (discussing procedural reasonableness). The resulting within-Guidelines sentence, was substantively reasonable. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) (noting that a within-Guidelines sentence is generally reasonable in the "mine run of cases").

    **AFFIRMED.**